[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action stems from the defendants' representation of the plaintiff regarding tax disputes with the City of Meriden. In this three count complaint brought against a law firm and two of its attorneys the plaintiff alleges legal malpractice, breach of contract, and breach of fiduciary duties. The defendants have moved to strike the third count relating to the claimed breach of fiduciary duties.
A motion to strike tests the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted.Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269 (1998). When reviewing a motion to strike the court must view the allegations in the complaint as true and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Id.
The defendants claim that the third count does not state a cause of CT Page 14778 action upon which relief may be granted. This count repeats the factual allegations of the first and second counts and adds the following new allegations:
 "39. Mahon and Adelman represented to Flexo that they and the Firm had the experience necessary to adequately and effectively represent Flexo's interests in regard to the tax dispute with the City concerning the Personal Property, and were retained by Flexo for this reason.
 40. Mahon and Adelman managed the Firm's relationships with Flexo.
 41. Mahon and Adelman led Flexo to believe that they were taking the actions necessary to protect Flexo's interests, and Flexo relied on the assurances given by the defendants."
Paragraph 42 of the Third Count repeats the operative allegations of the first and second counts but contains the additional language: "The defendants owed a fiduciary duty to Flexo."
The third count then continues:
 "43. Flexo was damaged as a result of defendants' breach of fiduciary duty.
 44. The defendants breached their fiduciary duty to Flexo by failing to disclose to Flexo that Flexo had the right to appeal the 1994 grand list audit and the City's failure to grant Flexo an exemption for the 1997 Grand List and in misrepresenting to Flexo that they were in the process of negotiating a settlement with the City of Meriden when in fact it was clear to the defendants that no settlement was possible and that legal action was required by Flexo to protect its interest.
 45. As a result, the defendants failed to comply with the obligations of trust and confidence which the plaintiff reposed and was entitled to repose in them."
The defendants argue that these allegations, even if proven, would not support a finding that the defendants breached their fiduciary duties to CT Page 14779 the plaintiff so as to give the plaintiff a claim for damages against them. The defendants' motion raises the distinction between inadequate representation and improper conduct by an attorney.
The court's first inquiry is whether the plaintiffs' allegations are sufficient to establish the existence of a fiduciary relationship. They are. The Supreme Court has opined:
 "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to respect the interest of the other . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him" Murphy v. Wakelee, 247 Conn. 396 (1988). Additionally, the court has stated: "This court has, however, specifically refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations choosing instead to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." Alaimo v. Rover, 188 Conn. 36, 41 (1982)
There can be no doubt, however, that the heart of the attorney-client relationship is fiduciary. The Supreme Court has noted:
 "The relationship between an attorney and his client is highly fiduciary in its nature and of a very delicate, exacting, and confidential character, requiring a high degree of fidelity and good faith." Andrews v. Gorby, 237 Conn. 12, 20 (1996); Matza v. Matza, 226 Conn. 166, 183-184 (1993).
Having alleged that the defendants represented the plaintiff and that the plaintiff's cause of action arose from that relationship, the plaintiff's pleading adequately establishes the existence of a fiduciary relationship.
The court next turns to the question of whether the specific allegations of misfeasance and malfeasance by the defendants are actionable. That is, assuming the allegations to be true, are they compensable through an award of damages? For, not every act or omission by an attorney, even if a violation of the lawyer's duty to a client, is legally actionable. For example, the Rules of Professional Conduct CT Page 14780 constitute a broad outline of an attorney's duty to the community, the court, and to his or her client. And, while some of these duties may reflect a standard of care, violation of many of the Rules tenets entitles a wronged client to no financial relief. Thus, for example, Rule 1.4 requires that a lawyer keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. While the Rules give tone to the nature of the attorney relationship, they are not, by themselves, intended to form the basis for a lawyer's civil liability. Rather, the Rules contemplate that a breach of professional responsibility does not always amount to a breach of a legal duty. Thus, for example, a lawyer may be grieved for conduct, such as a failure to communicate with a client, or for talking about a client's case in a social setting, while such conduct, standing alone, would probably not be legally actionable. This distinction is elucidated in the preamble to the Rules:
 "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply than an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers of the extra-disciplinary consequences of violating such a duty."
Our Supreme Court has stated that the Rules of Professional Responsibility do not, per se, give rise to a cause of action for damages either by a lawyer's client or a third party. In Mozzochi v. Beck,204 Conn. 490 (1987) the court was confronted with the issue of whether a third party could bring a claim based on a lawyer's violation of the (then) Code of Professional Responsibility and it answered the question in the negative. Later, in Noble v. Marshall, 23 Conn. App. 227 (1990), the Appellate Court declined the opportunity to limit Mizzochi to its determination that the (then) Code did not give rise to third party complaints. In Noble, the court broadened Mizzochi to state that the Rules of Professional Conduct do not of themselves give rise to a cause CT Page 14781 of action, even to an attorney's client, concluding:
 "While we recognize the narrow structure of the holding in Mizzochi, we conclude that the Rules of Professional Conduct do not of themselves give rise to a cause of action, even to an attorney's client. The Rules that have been adopted by the judges of the Superior Court have the force of law (internal citation omitted) but they were not intended to create a private cause of action under CUTPA." Id.
Similarly, in 1997, the Supreme Court echoed the content of the Preamble of the Rules of Professional Conduct in observing: "I start with the recognition that nothing in the Rules should be deemed to augment any substantive legal duty of lawyers." Silver v. Statewide GrievanceCommittee, 242 Conn. 186, 194 (1997). Therefore, to the extent that the plaintiff's third count can be seen as based on a breach of duty imposed on the defendants only by the Rules of Professional Conduct, it does not state a cause of action. While the plaintiffs did not frame the unique allegations of the third count as violations of the Rules of Professional Conduct, a fair reading of these allegations implicates the Rules of conduct and nothing more. Thus, the claim that the defendants failed to advise the plaintiff of the need to appeal Meriden's tax determinations and misrepresented the status of the matter to the plaintiff clearly implicates the defendants' professional responsibility obligations to the client to communicate with the client as set forth in Rule 1.4 of the Rules of Professional Conduct.
This next question addresses the quality or character of behavior which can be said to constitute a breach of fiduciary duty. Here, the court believes that while the plaintiff's allegations implicate the defendants' duties to the plaintiff, they do not constitute actionable conduct. That is, even if it could be said that the defendants' acts as alleged involved a breach of duty, the question remains whether these go to the heart of the fiduciary relationship so as to entitle the plaintiff to financial relief. They do not.
While declining to confine its limits, the Supreme Court in Murphy
stated that "the application of . . . traditional principles of fiduciary duty" has historically been confined to cases involving "fraud, self-dealing or conflict of interest". Murphy v. Wakelee, 247 Conn. 396,400. As noted recently by Judge John Blue of this court, "For this reason, "it is only when the confidential relationship is shown together with suspicious circumstances, or where there is a transaction, contract, or transfer between persons in a confidential or fiduciary relationship, and where the dominant party is the beneficiary of the CT Page 14782 transaction, contract, or transfer, `that the burden shifts to the fiduciary to prove fair dealing.'" (Citing Murphy). Welty v. Criscio,
Docket No. 426110, Superior Court, New Haven J.D. May 12, 2000. As noted by Judge Blue, it is because a breach of fiduciary duty implicates the morality or goodness of one's behavior and not merely its adequacy that punitive damages are available to plaintiffs who successfully pursue such a claim. Thus, to survive a motion to strike a count framed as a breach of fiduciary duty, a pleader must allege facts which implicate the morality of counsel's conduct.
The third count consists of the same factual allegations of misfeasance and breach of contract set forth in counts one and two but now attempts to re-cast them as violations of the fiduciary relationship. Our Supreme Court has opined:
 "Professional negligence alone, however, does not give rise automatically to a claim for breach of fiduciary duty. Although an attorney-client relationship imposes a fiduciary duty on the attorney, (Internal citations omitted) a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other (Internal citations omitted) Professional negligence implicates a duty of care, while breach of fiduciary duty implicates a duty of loyalty and honesty." Beverly Hills Concepts, Inc. v. Schatz and Schatz, 247 Conn. 48
(1998).
The reasoning of Beverly Hills is equally applicable to contract actions. That is not to say, however, that a plaintiff can never make a legal damage claim which, if proven, would also warrant a finding that a rule of professional responsibility has been violated. Thus, in Connecticut, a claim that a lawyer violated a rule of professional responsibility is not alone a sufficient basis to establish legal liability, but the content of a rule may be evidence of a particular standard of care in a properly framed malpractice action. [cf. also,Biller Assoc. v. Peterken, 58 Conn. App. 8 (2000) where the AppellateCourt considered the requirements of Rule 1.15(b) as evidence of theapplicable standard of care.]
To the extent that the factual allegations of the third count are mere repetitions of the allegations of the prior two counts only cast as breaches of a fiduciary responsibility they have no independent vitality because the acts and misfeasance they allege do not constitute breaches CT Page 14783 of fiduciary duty as that tort is understood. A claim of legal malpractice, whether framed in contract or in negligence, is based on allegations that the lawyer's conduct fell below an applicable standard of care. A malpractice claim generally implicates issues of diligence or competence while a breach of fiduciary claim addresses questions of loyalty or trustworthiness. As noted, there are factual claims in this count not present in the negligence or contract counts. The claim that the defendants failed to disclose to the plaintiff its right to appeal certain tax decisions by the City of Meriden does not, however, rise to the level of immoral behavior and is an insufficient basis for a claim of breach of fiduciary duty.
The plaintiff finally claims that the defendants misrepresented to the plaintiff that they were in the process of negotiating a settlement with the City when in fact it was clear to them that no settlement was possible. This claim, while implicating the defendants' professional responsibility to the plaintiffs, could be the subject of administrative review concerned with attorney conduct but does not constitute an actionable claim for breach of fiduciary duty.
Additionally, the plaintiff must assert facts which, if proven, would entitle it to damages. Although the plaintiff makes the general statement that it was damaged as a result of the defendants' alleged breach of fiduciary duty, its specific allegation of damages is as follows:
 "45. As a result, the defendants failed to comply with the obligations of trust and confidence which the plaintiff reposed and was entitled to repose in them."
While the plaintiff has set forth a claim that the defendants had fiduciary duties to the plaintiff, and that their conduct breached these duties, to the extent that the conduct related to a failure to disclose the necessity of taking a timely appeal and misrepresentations concerning the status of the matter, it is not alleged that these acts or failings, themselves, produced any legal injury to the plaintiffs but rather that such failures violated the trust and confidence the plaintiff was entitled to repose in the defendants. Such claims, though, as noted, perhaps subject to disciplinary response, are not legally actionable. In sum, while a lawyer may be found to have violated a Rule of Professional Conduct implicating his duty of loyalty to a client, such behavior, alone, does not warrant the imposition of legal liability.
For the reasons stated, the motion to strike the third count is granted.
Bishop, J. CT Page 14784